519-0276. The other member of our panel, Judge Overstreet, has accused himself, so another judge will be appointed and will take part in the case. We'll listen to the arguments and read the briefs. Counsel for the appellants, you may proceed. Good morning. May it please the Court, Counsel. I'm Alex Law, just for the appellants. This is a very narrow issue, so that'll take all 20 minutes. The underlying issue here is we have a case that was dismissed, as to one party is dismissed voluntarily, as to another party is dismissed pursuant to the 2615. After it was dismissed, the dismissed entities sought to take discovery from plaintiffs. The discovery sought was, the discovery authorized, was not based on any rule, any case, any law. If the Court authorizes this and affirms this action, it would be creating new law in the state of Illinois. This is something new, entirely different. There's no law supporting it. This is a new creation, and to affirm it would be to sanction a new avenue for discovery in Illinois. The reason why we fought so heartily to get here to this Court was that what the discovery sought was nine depositions, including all my clients, myself, my law partner. What about the Phillips and Peabody-Cole cases that counsel cites? So the Phillips case involves the distinguishing of when a judgment is final. So a judgment becomes final in order to be appealable when all collateral matters are disposed of. Nothing in the Phillips case discusses any discovery. It doesn't involve taking additional discovery. It's simply that the jurisdiction doesn't – the circuit court retains jurisdiction until the sanctions matter is resolved. It doesn't authorize discovery from the perspective of that case. It doesn't change anyone's relation to the definition of parties. It doesn't change anything else. It's just simply jurisdictional. All those cases essentially hold that Rule 137 motions are essentially considered counterclaims and that if the counterclaim is still pending, couldn't discovery be eligible for those counterclaims? No. There's no case that supports that. Instead, this is simply – this is a post-trial motion, which in any other instance where a post-trial discovery was allowed, it involves some additional new fact after trial that's found. This is reaching back into a dismissed case and litigating the issues in the case that's already been dismissed. And there's no rule of law supporting that. So even though the circuit court retains jurisdiction over the matter and it can't go to the appellate court without a special finding or contempt finding as we have now, that does not authorize discovery. It creates a very dangerous slippery slope because what we end up with here is that when a case is dismissed, then we could still have continued litigation. We could go on to fight the merits of the case after it's been dismissed. And there's no real end in sight because then what happens is – so let's say they take the nine depositions. Then I move for sanctions saying, look, this was faceless. Why did they bring a faceless motion for sanctions? And then I come back with that. And then we go through another round of discovery. And this is full on litigation at this point. Then, you know, we had a jury demand. So then does the jury hear the question of fact? Who's going to determine, you know, this question of fact of a jury trial on sanctions? So this opens up this Pandora's box of just complete relitigation. The real concern here from appellant's perspective is the incredible expense. And then also when you have, you know, counsel with five clients is then, you know, five clients verify the complaint. The easy response to this is simply, well, client said so. And here's, you know, three clients all agree that this is what was stated and that's why we verified the facts. Then it creates a divergence between counsel and client. And then the discovery itself, which we didn't get to that issue. We tried to keep it on a very clean legal question for appeal. But we end up with another issue of, you know, the attorney-client privilege and work product and what exactly could be sought. And it's just an awful mess that doesn't – it's not supported by new rule of law. The other key issue here is the standard of review. We cite the controlling precedent of Norskog v. Pyle where the court held a contempt order where there's no question of fact. It's strictly a legal question as to the finding of contempt that do not go over legal clause. So here as the issue is teed up, it was set up as a very simple legal question. Of whether the respondent or the petitioners were entitled to any discovery at all. And that is the sole question. It's a strictly legal question. So it's an abuse of discretion. It's not an abuse of discretion standard. It's a de novo standard on that legal question as to whether discovery can be sought at all. Let me ask you, counsel. Boiling it down to just simple. Yeah. You would, in any particular case, you would not go to a hearing or a trial without conducting some sort of discovery to know what the claims are. What you're looking at. What you're dealing with. And how you may confront those allegations. Correct? Understood. The issue here is that this is a Rule 137 sanction. So the questions of fact necessary to prove this should have all been resolved in litigation. So if there's no factual finding in litigation, then how can there be a factual determination after the fact on a 137 motion? Second, the high standard for a 137, which is that there's no reasonable basis for stating these facts, should be induced without discovery. The fact that if Mr. Calhoun didn't say what Mr. Head said he said, then if there's some contemporaneous document that Mr. Calhoun didn't say that, then you don't need discovery on that point. And had the Supreme Court intended for an avenue for additional discovery on these points, it would have made a rule for that. And this Court would be making a new rule allowing for additional discovery to continue to litigate a factual dispute long enough that the case has been dissensed. I think the key point here, especially as to Calhoun, that he had an opportunity to litigate the merits of this. Instead, what happened was there's a significant back and forth over essentially Calhoun saying that I didn't say that, I didn't intend to do that, I didn't intend to take the business, I'm not a bad guy. And a bunch of facts on that, and him just stating those points, he alleged to counsel, and then responds to my client's dispute. And then a motion to dismiss is filed and attached to the motion is a great defense, which was a indemnification agreement to perform selection costs. So based on receiving that, there was no way to keep the case in St. Clair County and it wasn't worth traveling to Nebraska for, and the indemnification would have caused huge problems. So at that point, we voluntarily dismissed. Now, Calhoun had the opportunity to not agree to take the voluntary dismissal and instead press forward with his motion to dismiss, achieve a ruling on the merits, take discovery if need be for a ruling on the merits of the motion that was presented, and when, as the courts are designed to do with parties and plaintiffs and defendants litigating their costs. But instead, that wasn't litigated, and there was a choice not to litigate that, and instead to come around back through the second mechanism of the 137 and seeking nine depositions to litigate the case over what is essentially a claim that they shouldn't have had to file a motion to dismiss. And what just astounds me is that we have an underlying issue of a bitter business dispute with a factual dispute where plaintiffs say the defendant's a bad guy, and the defendant says, I'm not a bad guy, which is why we have trials. So we have that underlying dispute, and then somehow, you know, that being voluntarily dismissed at the stage of before even briefing a motion, then turns into, you know, here we are and seeking nine depositions in this sea of litigation. As to Mark 16, the entity with that who went through, I think it was only dismissed on 615 grounds, and we might have gotten some jurisdictional questions on 619s. We were litigating over the application of an Arizona statute for a lockout provision in that, which ultimately that may all be moved now because Mark 16 is completely cratered. So anyways, it's just, you know, the last guy's talking about litigating over minutia. Here, you know, we're talking about a legitimate factual dispute, which if litigated over the factual dispute of what my clients say versus what defendants say would require a full trial and discovery and all these things if you wanted to litigate a factual dispute. If we did that in every case, then if, you know, parties are bitter enough or can find lawyers to handle it, then every case would go on until they're better at it, until there was a trial in every single matter. So ultimately, you know, there's just the easy answer is the statutory answer, which is that Rule 201B defines that a party may take discovery. Section 2-402 defines what parties are. The case was dismissed. They're out of the case. And then they bring the 137 motion. And then there's no—unlike—so in anything else, the other issue is where there's some cases of something post-judgment or post-trial, there's some mechanism. So like a citation proceeding, there's certain, you know, there's rules applied that can be followed for what discovery you get. If we take this very expansive view of who can take discovery and when, so let's, you know, stretch the example of a, you know, a third-party citation respondent who's then asked to take the deposition of whoever sent it to them, which doesn't stretch beyond the bounds unless they're being pulled into the case or even in a post-judgment collection action. So let's say the defendant is in judgment against him. They issue a citation. Then can he go issue more discovery based on receiving the citation? I mean, arguably, if you follow the same reasoning, a citation respondent post-judgment is a party, if you follow that reasoning, because he used to be a party. Does that mean that he can issue a bunch of discovery and take a bunch of depositions? It's a very dangerous precedent, which is why, you know, we have a statute. It has defined who parties are. You know, the basic rules are all defined. And if you follow the basic rules, everything is fairly normal. I think it's remarkable that where we have, you know, absolutely no case authorizing something like this or even a case that said, you know, we find sanctions in the amount of $10,000 based on the deposition taken after the judgment. There's nothing. This is a complete void. So it's creating brand-new law. And then what's really outrageous is that, you know, we challenge the ruling. It's not based on any law. We don't support it. And we follow the proper mechanism to challenge it. And then we bring the appeal and make the appropriate arguments to challenge it. But they bring more sanctions. They bring the appellate court sanctions. And then they also throw in, you know, Mr. Cates, who's my local counsel, on that, which kind of I don't really need to dig into the merits of it. It's just fairly absurd. But it kind of highlights what we're dealing with here, where, you know, if litigation becomes just a simple churn for sanctions and the purpose of, you know, it's just a bitter pursuit where something has already been dismissed and already is done, it just doesn't make any sense. And it's necessary for the appellate court to come in and hopefully make a published opinion to make this clear that we don't continue to engage in litigation long after the case is over. Thank you for your time. Any more questions? Thank you. Thank you, counsel. You'll have an opportunity for rebuttal. Counsel for appellate. Good morning, Your Honors. May it please the Court. My name is Josephine Absher, and I am here representing Mark 16. I think the first thing I'd like to address is the standard of review issue. I disagree that the only standard of review available to this Court in this case is a de novo review. I do agree that questions of law can be reviewed and should be reviewed de novo. However, there are far more issues in this case than the singular question of law that the appellants believe is the only thing this Court will review. I have discussed in my brief the standards of review, and actually recently a new case discussing this exact issue was handed down from the First District on December 31, 2019, and it's the Shamrock Chicago Court case with a 2019 Illinois Act First 182354 citation. And in that case, the party against whom contempt was entered argued that the standard of review was a de novo standard because the issue was interpretation of the discovery rules. So it is a very similar argument to the argument that the plaintiffs are making here. In that case, the First District went through an extensive review of the contempt appeals on where the contempt was entered on discovery orders and concluded that the Court of Appeals must use what it called a dual deference standard because there were two underlying orders that needed to be appealed, the discovery order, which was reviewed under an abuse of discretion standard, and then the contempt order based upon the discovery order, which was also reviewed by an abuse of discretion standard. That case is not final at this point. However, it does contain a very good discussion of the standard of review and issues very similar to those the plaintiffs are arguing. The trial court, or excuse me, the appellate court. Is that case cited in the brief? It is not. It was actually filed after the brief, but I do have copies of the case if you would like one. Have you filed a motion to cite additional authority? I have not, no. If that is appropriate, then I will do that. Who will consider cases that are not cited for a motion to the court? Okay. Well, the case honestly says the exact same analysis that I used in my brief, which is that the underlying order is reviewed by an abuse of discretion standard and that the contempt order is reviewed by an abuse of discretion standard. So even without that case, I believe that both the underlying discovery order and the contempt order must be reviewed. But maybe it also said it wasn't even a final case. That's correct. It wasn't a final decision. That's correct. But an abuse of discretion standard is proper. Now, the de novo standard for the question of law as to who are parties of the case is correct for that particular question, but the plaintiffs are not appealing that question in a vacuum. The plaintiffs are appealing a contempt order, which is reviewable under an abuse of discretion. And getting to plaintiff's main issue, the defendants are parties in this case. Plaintiffs sued them. Plaintiffs filed a complaint and sued the defendants. They served them with the complaint and made the defendants parties to the lawsuit. The plaintiff's entire argument relies upon an assumption that the defendants are somehow divested of their status as a party when the court dismisses the plaintiff's claims. The plaintiffs cite absolutely no authority for that assumption. It's just an assumption that they have made and have relied upon as fact. And there is no authority for that assumption. The case was still within the 30 days before it became final. The judge retained jurisdiction. The judge allowed the discovery on the 137 motion? Yes, the judge did. And the only argument against allowing the discovery was that the defendants were not parties. That's the only argument the plaintiffs have ever presented to the trial court or this court. And the judge decided that the defendants were, in fact, parties to the lawsuit. I think the analysis can end there because there's absolutely no authority for their assumption that the defendants lose their party status immediately and irrevocably upon dismissal of the lawsuit. And there's no authority because it's not true. Which is clear by the cases cited in our brief, including John G. Phillips and the Peabody case, which is clear because the case is cited in our brief relating to the court's discretion to allow discovery after trial, after dismissal. There are multiple cases where courts have been upheld, either allowing or denying discovery, making discovery decisions for post-trial and post-dismissal discovery. So clearly those cases indicate that the parties are not divested of their ability to conduct discovery simply because the court has entered a dismissal. However, even if the plaintiff's assumption is true and the defendants were magically no longer defendants after the dismissals, they still remain defendants in this case because of depending 137 motions. Those motions were filed timely and there is no argument that they were untimely. And those motions are determined by the Supreme Court of Illinois to be functional equivalents of a counterclaim. So the defendants, in addition to, in my opinion, still being remaining defendants, were also counterclaimants in the suit once the 137 motions were filed. So either way, the defendants were parties and the plaintiff's argument is simply incorrect. It's not supported by any law and is, in fact, supported is, I'm sorry, and in fact there is significant amounts of contrary law. Even if they are not directly on point where the court is deciding the issue of discovery in a 137 motion, there are plenty of cases that support the fact that defendants remain parties and that post-trial and post-dismissal discovery are available. And there are several cases that we've cited in our brief that say that the claimant in a Rule 137 motion, if it's a defendant, they're filing what is the functional equivalent of a counterclaim. The dismissal of plaintiff's claims did not dispose of those Rule 137 motions. And because of that, the trial court did not abuse its discretion when it ordered plaintiffs to appear for depositions. The defendants had noticed plaintiffs for depositions relating to, well, had issued general notices of deposition, but at that point, the only issue remaining in the lawsuit was the claim under the 137 motions. So at that point, the only thing that could have been discovered were issues relating to the 137 motions. The plaintiffs did not appear. On January 30, 2019, the court ordered plaintiffs to appear for depositions. She set a date and time for the plaintiffs to appear. That January 30, 2019 order is the discovery order that is at issue for the contempt order. It doesn't appear in plaintiff's appendix, but it is in defendant's appendix. And that is the order on which the court entered contempt against the plaintiffs. The plaintiffs then admitted on the record that there was an order for them to appear, and they admitted on the record that they did not appear. Under the In Re Chars case, those are the two facts that need to be established for the prima facie order of contempt. At that point, the burden then shifted to the plaintiffs, and they had to prove a meritorious reason why they did not appear for those depositions. And the only thing they argued was that they didn't appear because defendants weren't parties. That is not meritorious. The trial court filed against them multiple times. There's no law whatsoever to support their assumption that defendants were divested of their party status when the case was dismissed. So the trial court did not abuse its discretion when it entered its contempt order. And that order was not a friendly contempt order. Plaintiffs asked in their brief for this court to vacate the order of contempt. However, under Williford v. Poizares, which is cited in our brief, the court, the appellate court, refused to vacate a contempt order because the order itself did not indicate it was entered as a friendly contempt, and there was no finding of good faith. The same is true here. There is no finding that the plaintiffs acted in good faith. There is no mention of a friendly contempt order. There is no reason on the record to think that the court was ordering this simply for plaintiffs' ability to appeal this question. The court had already denied plaintiffs' request for interlocutory appeal on this question almost a year before this order, the contempt order, was entered. Not only that, the plaintiffs requested a $50 nominal fine be entered on the contempt order. The court didn't do that. The court ordered almost a $20,000 fine after a second hearing in which the court discussed at great length the possibility of the fine and admitted evidence, including affidavits from counsel about the bills. That amount sounds less friendly than $50. I would agree with that. I don't think there's any indication that it was supposed to be a friendly contempt order to be vacated by this court. And the amount of the order was not excessive. Plaintiffs claimed that in their brief. However, the only evidence admitted for the amount of the order was defendants' affidavits. Plaintiffs had an opportunity to cross-examine defendants' attorneys, requested that opportunity. Everyone showed up for the hearing, and defendants did not do so. I'm sorry, and plaintiffs did not do so. They did not admit any evidence. So the only evidence on the record is the evidence that was submitted by defendants' counsel. And the trial court went through line by line and struck certain entries, did not enter everything that defendants requested as part of the fine. So, I mean, clearly the trial court took a great deal of consideration in determining the amount of the fine, and it was far in excess of the nominal $50 fine request. And then our last point is that we do request this court enter Rule 375 sanctions. I feel that is a very rare circumstance for this court, but I think it is warranted in this case because there is simply no basis for plaintiffs' assumption that defendants are not parties once the court has dismissed the case. They cite absolutely no law to that effect. They don't offer any arguments. It's just an assumption that they make with zero support. It's completely baseless, and they have been presented by both the defendants and the trial court multiple times with the contrary law and insist instead on making this appeal. There were multiple deficiencies in their appeal. The notice of appeal was deficient and purported to appeal the incorrect order, which was not final and not able to be appealed. They cited what I believe is the improper standard of review and don't even discuss the correct standard of review for contempt orders. They falsely stated in their brief that defendants filed the contempt motion against them when, in fact, they had filed multiple motions trying to get the court to find them in contempt with the nominal fine, and the court had refused two times prior to do that. The final contempt motion filed by the plaintiffs themselves was accepted by the court, and then the court entered a nearly $20,000 fine. And lastly, they filed a motion for continuance in this case supported by an affidavit by someone who has never appeared in the case, who doesn't appear on the briefs, and discussing his dog's surgery. He didn't sign the appeal, and I'm not sure if it was meant for this case or what exactly it was, but they have violated multiple rules and clearly are just doing this for delaying purposes. That's the plaintiff's counsel. I'll wrap up. I would like to thank you, and co-counsel for the other defendants would like to speak. Thank you, Josie. I'm here for just a very brief moment because I yielded most of my time to Josie, who represents Mark 16, the defendant. I represent other defendants. Bayard Business Capital and Barry Calhoun, against whom allegations were made in the initial petition. And your name? I'm sorry? And your name? Oh, I'm sorry. Steve Hamburg, a practice in Clayton, Missouri, licensed obviously in Illinois as well. But I represent the folks against whom allegations were made in the original and subsequently amended petitions, none of which could properly state a cause of action, which is what led to the dismissal of the case by Judge Katz. But allegations of criminal conduct were alleged in this petition, which quite obviously incensed Mr. Calhoun and his company, Bayard Business Capital, because none of this stuff was substantiable, none of it was true, and we did aggressively move to dismiss the case because of that, because of the damage these kind of allegations can do in the business world. I think what this is is an attempt to delay the resolution of the 137 motion, in which we seek sanctions for having filed this lawsuit in the first place without support. We filed the motion, and he proceeded to defend this on how we needed to do discovery so we can't do discovery without parties. His appeal rises and falls on whether or not Bayard and Calhoun are parties. Frankly, I've never really understood that argument because I think it's clear that they are parties. Certainly under Phillips, they filed a counterclaim in the case that that requires a party. There was that issue, and then the issue of the standard of review of what Judge Katz did, both with respect to the January 30, 2019, discovery order where she ordered them to appear. They failed to appear, and then the filing of the contempt motion thereafter because they willfully and knowingly violated a court order. They come in and say, please excuse us. We were in a friendly contempt. We don't want to participate in this case anymore. We don't want to provide the discovery that you need to see that we had no diligence, no due diligence at all, to find out what the facts were prior to filing the suit. They don't want to give us that discovery. They say we're not coming for depots. It's a friendly contempt, Judge. Please find us a friend. Well, we filed a 2019 motion seeking sanctions for their failing to abide by Illinois discovery rules, and I think that's what Judge Katz did. She entered a $10,000, $20,000 fine and filed them in contempt. There was nothing indicated as a friendly contempt. Nothing indicated this wasn't violation of a discovery statute, willful, annoying violation, and they acted in, as they say in the case law, contumacious. It's not in my everyday parlance. Contumacious disregard of the court order that they were supposed to do something they didn't do. So this is just one thing after another where they come up with these, excuse me, in my view, bogus arguments to try to extend at the time for us to resolve our 137 motion to try to get fees that were incurred to defend this case, which had no bearing ever in fact. Therefore, in the briefs that have been filed, I think by both sides, by both of the dependent sides, Mark 16 and my folks is seeking sanctions for even this appeal under 375B. We believe the appeal is frivolous. We believe the argument that these folks aren't parties is frivolous. We believe the law is clear as to what the standard of review is, and it doesn't matter. In terms of the way I look at this case, it doesn't matter if the court is going to look at it de novo or look at it with respect to abuse of discretion, because either way, the result is going to be the same. In my view, Judge Katz did nothing wrong. Judge Katz followed the law. Judge Katz allowed discovery, as the court indicated, on a matter that's going to be tried. You're not going to do discovery beforehand. And as you pointed out, Your Honor, Phillips indicates you can do this, and it's deemed a counterclaim. That's what the law is. It's not rocket science. It's not a very difficult issue in my view, nor do I think it will be for the court. This shouldn't have been appealed. They should have appeared for deposition. They're in contempt because they didn't. They were fined because they didn't. And now we're here saying, look, not only is that conduct not defensible, it's not defensible to have filed a brief to take this court's time with regard to these two issues, which are not appealable, which are frivolous, and only intended to delay the outcome of the Rule 137 motion. So we would urge you to find in favor of the motion, please, and also to amend the Board of Sanctions under Rule 375B. Thank you very much, Your Honor. Rebuttal. I'll talk a little bit more about the non-party-party argument to see how far this can be stretched. So imagine a situation where you sue three defendants, and then one gets out of a motion to dismiss on a 6-15, and you continue on with the case. Then if you follow the reasoning, within 30 days you could issue them a 214 and issue them a deposition notice, and you could take discovery through the notice of their parties, even though they had just successfully gotten out on a 6-15 motion to dismiss. There's a reason why the Supreme Court rules draw these lines as far as plaintiff-defendant, counter-plaintiff, whatever. So it's just a very dangerous argument to follow because this can so easily be stretched into something even more absurd. The other underlying issue is that what is at the end of the road of a 137? We filed a response to the motion. We initially tried just to strike it because there wasn't any facts supporting it. We filed a response to that, but they didn't support it. And then that ends it. If you're going to have a hearing, normally that entails an oral argument on the motion. You present a motion. It's kind of like the motion for summary judgment. I've been on both sides of these, and I've never seen where you actually take testimony and that you have a trial. So we're just kind of going down this path of insanity on this issue. Both counsel discussed at length the willful and just nasty actions by not following the order. We took every single step allowed by the rules to avoid what would have been traveling all over the country or having my clients travel the country for a bunch of depositions and then engaging in this discovery, which this, even through the appeal, is still much less laborious than engaging in nigh depositions. And then at every step of the way, we very respectfully asked the court to initially enter a 308 order, and then we asked for the friendly contempt, and then she refused to make it friendly, and then we went through this process the whole way. How they got to the $18,000 was we advised them that we would not be participating in depositions, and we intend to proceed with getting a contempt so we could have you two address the issue. And rather than simply saying, okay, got it, done, you didn't participate, instead they ordered a court reporter and sat in the room and prepared for a deposition that they knew wasn't going to go and then run up more fees on that. So it's just something that just mushrooms and continues where the underlying issue, and it's all on the record, our response to the motion for sanctions. I wish there was some way we could have gotten that, the motion to strike the sanctions petitions up here because we detailed a response to that on the issues on the response to the motion for sanctions. And it's not fun being sued. I've been sued. It's awful. It hurts. It hurts your feelings. But that's litigation. That's why we have trials. And just because you're sued doesn't necessarily give you the right to engage in a whole other countersuit based on being sued. And kind of what we're doing here is discussing opening up a whole new channel of litigation in retaliation being sued. Conversely, if I get sued again, if this works, I could then be a lawyer and bludgeon whoever sues me for years after the case is dismissed. So there's a real danger to the precedent we can create here, and the only way to keep us within the bounds of normal behavior of Illinois litigation is to reverse this decision on allowing discovery on a 137 motion after a case is dismissed. So it has big picture concerns. This could be a Supreme Court case. This is an important issue for kicking around the ashes as far as the value of underlying litigation. But it's a big, important question that if it isn't handled correctly, it could make for a real mess for the whole state. Thank you so much. Counsel, just going back to what you just said, you're a litigator. If someone sued you and made spurious accusations and allegations about you, would you not want to file a 137 sanction against that person so that might not happen again? Well, so then what I do is then you don't either just answer and then move for summary judgment. And then you take discovery. So you move for summary judgment and you vary on the facts. And then you go for the sanctions because then you've gotten the facts in the summary judgment. And you say how you're wrong, prove you're wrong. You get summary judgment on it. And then you want all the sanctions. So there's a procedural mechanism to do that. You just move for summary judgment right away rather than moving to dismiss or accepting voluntary dismissal. So the law allows for a way to bury someone if you want to that sues you. And that's either you could go to trial and win or you could do a summary judgment motion. And you could even, you know, I've done it once. It didn't work. I did it out in California. I just responded with a complaint for motion for summary judgment along with a motion for sanctions. And I piled on all the facts and I did it with the summary judgment. So then I got all the facts and I got the facts ruled on by the court in the case, you know, the primary case. And that gives you the summary judgment granted. But they said the sanctions were too aggressive. But no, that would be the best mechanism to do it. So there is a way to achieve it. And then the key thing is that if somebody, so let's say Calhoun takes offense. He files a motion for summary judgment and says, you know, Loftus and you guys are full of crap. Here's the proof. You can attach them to a summary judgment motion and get summary judgment action. Then it goes for sanctions on it. He could file a motion for summary judgment. I could respond with a 191 motion that takes a discovery. You know, there's a path there to litigate within the rules. Instead, we got off on this crazy path where we can't litigate on the rules. So there was an opportunity here. And defendants are not being deprived of the opportunity that if they're really wrong to want somebody. But the way I would handle it is to do a motion for summary judgment right off the bat. So there's a way to do this. This is not the way. And if we keep playing this way, because then also you have plaintiffs that have nothing to fight about. Thank you, counsel. The court will take this matter under advisement and issue its decision in due course.